`UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | NO. 3:08-CR-156 |
| ) | |
| MATTHEW JOHNSON ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's pro se motion for compassionate relief pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 217]. In support of his motion, defendant states he filed a "Compassionate Relief Request" with the Bureau of Prisons (BOP) on April 20, 2020. Defendant avers he suffers from "Alopecia Areota Immune Deficiency," which makes him susceptible to the COVID-19 virus and infections. Defendant further avers "it is only a matter of time before this location becomes infected with the COVID-19 virus." Attached to the motion is a response from the BOP dated May 26, 2020, asking defendant to provide a Release Plan and specific details for the reason for a reduction in sentence/compassionate release in order to process his request.

Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine hydrochloride and 1000 kilograms of marijuana. He was sentenced to 144 months imprisonment, followed by 3 years supervised release on

October 24, 2012. He is presently scheduled to be released from federal custody on January 9, 2022.

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). this section allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." Such motions cannot be entertained by a district court until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Here, defendant's request for a reduction in sentence/compassionate release has not been denied by the BOP but is still under consideration. Thus, defendant has not complied with the requirement that he exhaust his administrative remedies with the BOP. The BOP has outlined the administrative appeal process. *See* Program Statement No. 5050.50, *Compassionate release/Reduction in Sentence: Procedures for implementation of 18 U.S.C. § 3582 and 4205(g) (Jan. 17, 2019),* https://www.bop.gov/policy/progstat/5050_050_EN.pdf. The BOP Program Statement explains that a prisoner seeking a compassionate release must first file a request with the warden asking the BOP to move for compassionate release on the prisoner's behalf. *See id.* at 3 (citing 28 C.F.R. § 571.61). If that request is denied, the prisoner must appeal the denial through the BOP's Administrative Remedy Procedure. *See id.* at 15 (citing 28 C.F.R. § 571.63).

Even during the COVID-19 pandemic, the exhaustion requirement of § 3582(c)(1)(A) cannot be summarily disregarded. *See United States v. Alam,* 2020 WL 2845694 (6th Cir. Jun. 2, 2020) ("Because this exhaustion requirement serves valuable purposes (there is no other way to ensure an orderly processing of applications for early release) and because it is mandatory (there is no exception for some compassionate release requests over others), we must enforce it"). Consequently, the Court cannot weigh the merits of defendant's motion for compassionate release until the exhaustion requirement of § 3582(c)(1)(A) is fully satisfied.

While it sympathizes with the defendant's concerns, the Court lacks authority to consider the present motion. Accordingly, defendant's motion for compassionate relief [Doc. 217] is **DENIED without prejudice**.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**